UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICARDO B. VILLASENOR,

Plaintiff,

v.

CENTENE CORPORATION, *et al.*,

Defendants.

Case No. 1:25-cv-00190-CDB

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

(Doc. 1)

**21-DAY DEADLINE**

Plaintiff Ricardo B. Villasenor ("Plaintiff"), proceeding pro se, paid the filing fee and filed a complaint for damages against Defendants Centenne Corporation, WellCare of California, Inc., WellCare Health Plan, Inc., High Desert Medical Corporation, Oak Tree Medical Group, Susan Cribbs, and Mary Anziano (collectively, "Defendants"). (Doc. 1). Plaintiff asserts a negligence claim arising out of Defendants' breach of duty as health maintenance organization ("HMO") service providers to obtain Plaintiff's informed consent prior to treatment. (*Id.* at 5). Plaintiff asserts diversity as the basis for this Court's jurisdiction over the matter. (*Id.* at 4).

**Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858

F.2d 1376, 1380 (9th Cir. 1988). A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(a)(1); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

**Order to Show Cause**

In an attempt to establish subject matter jurisdiction, Plaintiff alleges diversity of citizenship. (Doc. 1 at 4). He alleges that he is a "citizen of the State of California." (*Id.*). However, he alleges the two individual Defendants—Defendants Susan Cribbs and Mary Aziane—also are "citizen[s] of the State of California." (*Id.*). He also alleges three of the five organizational Defendants—Defendants WellCare of California, Inc., High Desert Medical Corporation, and Oak Tree Medical Group—are "incorporated under the laws of the State of California" with the latter two also having their "principal place of business in the State of California." (*Id.* at 5). Although the amount in controversy alleged exceeds the statutory requirement, Plaintiff fails to establish complete diversity of citizenship.

Additionally, the complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts. Therefore, the Court preliminarily concludes it lacks subject matter jurisdiction either pursuant to diversity of citizenship or federal question jurisdiction. Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed for lack of subject matter

jurisdiction.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that **within 21 days** from the date of this order, Plaintiff shall show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction and without prejudice to Plaintiff's refiling of his claims in state court.

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss of the entire action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated: **February 13, 2025**

UNITED STATES MAGISTRATE JUDGE