UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO B. VILLASENOR,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00190-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING LEAVE TO AMEND<br><br>(Docs. 4, 6-8)<br><br>**21-DAY DEADLINE** |

**Relevant Background**

Plaintiff Ricardo B. Villasenor ("Plaintiff"), proceeding pro se, paid the filing fee and filed a complaint for damages against Defendants Centenne Corporation, WellCare of California, Inc., WellCare Health Plan, Inc., High Desert Medical Corporation, Oak Tree Medical Group, Susan Cribbs, and Mary Anziano (collectively, "Defendants"). (Doc. 1). Plaintiff asserts a negligence claim arising out of Defendants' breach of duty as health maintenance organization ("HMO") service providers to obtain Plaintiff's informed consent prior to treatment. (*Id.* at 5). Plaintiff asserts diversity as the basis for this Court's jurisdiction over the matter. (*Id.* at 4).

On February 13, 2025, the Court ordered Plaintiff to show cause ("OSC") in writing within 21 days why this case should not be dismissed for lack of subject matter jurisdiction and without prejudice to Plaintiff's refiling of his claims in state court. (Doc. 4). The Court noted that Plaintiff's complaint as alleged fails to establish complete diversity of citizenship and does not state any basis for federal court jurisdiction. (*Id.* at 2).

On March 3, 2025, Plaintiff filed his response to the OSC (Doc. 6) and contemporaneously therewith a "proposed cure" in his motion for leave to amend (Doc. 7) and

notice of dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1) (Doc. 8). In his response, Plaintiff represents he has "simultaneously filed a motion for dismissal of the five defendants who are citizens of the same state as Plaintiff." (Doc. 6 at 2). Plaintiff represents he believes the five California-based Defendants "may be dismissed from the case on his request." (*Id.*). Further, Plaintiff represents another consideration in favor of his proposed cure is the nature of his complaint. (*Id.*). Plaintiff represents that his complaint recognizes Defendant Centenne Corporation as an HMO, and the dismissal of the five California-based Defendants "neither alters the scope of the HMO nor the HMO's duty to … Plaintiff." (*Id.*). Plaintiff represents that "[a]lthough these defendants are dismissed, their actions as HMO agents may become relevant through the remaining Defendants' replies." (*Id.*).

**Discussion**

Here, Plaintiff has proposed to cure the defect in alleging diversity of citizenship by amending his complaint and voluntarily dismissing the five California-based Defendants from this action, including Defendants Mary Anziano, Susan Cribbs, High Desert Medical Corporation, Oak Tree Medical Group, and WellCare of California, Inc. *See* (Docs. 7, 8). In light of Plaintiff's proposed cure to amend his complaint and terminate the California-based Defendants from the action, the Court is satisfied that Plaintiff may be able to properly allege diversity jurisdiction such that the case may proceed in federal court. Accordingly, the Court will discharge its February 13, 2025, Order to Show Cause.

Separately, the Court notes that Plaintiff's motion for leave to amend (Doc. 7) fails to comply with the Local Rules. Local Rule 220 provides that "every pleading to which an amendment … is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior … pleading. No pleading shall be deemed amended … until this Rule has been complied with." E.D. Cal. Local Rule 220. Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course no later than … (A) 21 days after serving it" and "[i]n all other cases, a party may amend its pleading with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(1) & (2).

Here, Plaintiff may amend his pleading as a matter of right and has timely filed a motion for leave to amend. However, Plaintiff's amendments as proposed fail to comply with Local Rule 220 as the proposed pleading fails to include the entire complaint and only makes reference to proposed amendments to Claim I of the complaint. *See* (Doc. 7 at 2-3). The Court cannot refer to a prior pleading in order to make an amended complaint complete. The **amended complaint must be complete in itself without reference to the prior or superseded pleading**. Once the amended complaint is filed, the original pleading no longer serves any function in this case. Thus, in the amended complaint, **Plaintiff must re-plead all elements of his claims, including all relevant facts, even the ones not addressed by this order**, such that the complaint is complete in and of itself. Further, the amended complaint must assert the basis for subject matter jurisdiction and name only the proper Defendants against whom Plaintiff seeks relief. Thus, Plaintiff will be provided leave to amend his complaint in compliance with the Local Rules.

**Conclusion and Order**

Accordingly, and for good cause shown, it is HEREBY ORDERED:

1. The Court's February 13, 2025, Order to Show Cause (Doc. 4) is HEREBY DISCHARGED;
2. Plaintiff's motion for leave to amend (Doc. 7) is GRANTED; and
3. **Within 21 days** from the date of service of this order, Plaintiff SHALL FILE an amended complaint curing the deficiencies identified by the Court in this order.

**Any failure by Plaintiff to comply with this Order by timely filing an amended complaint will result in the imposition of sanctions, including a recommendation to dismiss the action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order[.]"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated:  **March 4, 2025**

UNITED STATES MAGISTRATE JUDGE