UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO B. VILLASENOR,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00190-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Docs. 11, 14)<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Pending before the Court is the motion of Defendants Centene Corporation ("Centene") and WellCare Health Plan, Inc. ("WellCare") (collectively, "Defendants") to dismiss the operative first amended complaint ("FAC"), filed on April 7, 2025. (Doc. 14). Plaintiff Ricardo B. Villasenor ("Plaintiff") filed an opposition to the motion on April 11, 2025, and Defendants filed a reply on April 21, 2025. (Docs. 16, 17). The undersigned deems the motion suitable for resolution without hearing and oral argument, and accordingly, the motion hearing noticed for May 14, 2025, is HEREBY VACATED. *See* E.D. Cal. Local Rule 230(g). For the reasons set forth below, the undersigned will recommend Defendants' motion to dismiss be granted.

**I.      BACKGROUND**

Plaintiff, proceeding pro se, initiated this action with the filing of a complaint for damages against Defendants Centenne Corporation, WellCare of California, Inc., WellCare Health Plan, Inc., High Desert Medical Corporation, Oak Tree Medical Group, Susan Cribbs, and Mary Anziano.[1] (Doc. 1). On February 13, 2025, the Court ordered Plaintiff to show cause ("OSC")

---

[1] On March 3, 2025, Plaintiff voluntarily dismissed California-based Defendants Mary Anziano, Susan Cribbs, High Desert Medical Corporation, Oak Tree Medical Group, and WellCare

1   why this case should not be dismissed for lack of subject matter jurisdiction and without prejudice
2   to Plaintiff's refiling of his claims in state court. (Doc. 4). The Court noted that the allegations of
3   Plaintiff's complaint failed to establish complete diversity of citizenship (given numerous
4   defendants' same state of residency as Plaintiff, to wit, California) and did not state any basis for
5   federal court jurisdiction. (*Id*. at 2). Following Plaintiff's filing of his response to the OSC (Doc.
6   6), motion for leave to amend (Doc. 7), and notice of dismissals pursuant to Federal Rule of Civil
7   Procedure 41(a)(1) (Doc. 8), on March 4, 2025, the Court discharged the OSC and granted
8   Plaintiff's motion for leave to amend. (Doc. 9). On March 17, 2025, Plaintiff filed the operative
9   FAC asserting a claim for negligence against remaining Defendants Centene and WellCare. (Doc.
10  11).

11  Plaintiff alleges that Defendants provide health maintenance organization (HMO) services
12  funded by Medicare, and that Centene is the sole owner of WellCare. (Doc. 11 at 5). Plaintiff
13  alleges that at the relevant time, he was enrolled in Defendants' HMO. (*Id.*). He alleges that as an
14  HMO, "Defendants had a clear duty for [his] medical care" and "to provide health care service to
15  enrolled members of the HMO." (*Id.* at 5, 6). He alleges Defendants "breached its duty to obtain
16  [his] informed consent prior to treatment" and "failed to follow recommended guidelines for testing
17  to establish whether … CIPRO was the only effective treatment." (*Id.*). Plaintiff alleges that these
18  breaches deprived him "of his right based on risk and special risk warnings" to either "give an
19  informed consent, [] seek alternative treatment, or [] decline treatment." (*Id.*). Plaintiff alleges as
20  a result of Defendants' negligence, he suffered "material adverse effects of CIRPO [toxicity]
21  including the hallmark ruptured Achilles tendon." (*Id.* at 6). He alleges Defendants "failed to
22  ensure that its health care providers were trained and monitored for fundamental health practices
23  [such] as obtaining [a] patient's informed consent especially for drugs with 1) FDA's Black Box
24  warning[;] 2) alternative treatments[;] 3) special risk categories, and 4) recommended testing to
25  verify no safer alternative antibiotic is available" as "[CIRPO] is a drug of last resort." (*Id.*).

26  Plaintiff alleges CIPRO "causes lasting damage to connective tissue and thus a wide range
27  of symptoms." (*Id.*). He alleges that due to his age, he "was in a high-risk group for CIPRO
28  

---

of California from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). (Doc. 8).

2

identified by the FDA and consequently unlikely to recover." (*Id.*). Plaintiff alleges his injuries— "loss of mobility, nerve damage, [] vision loss, [and] anxiety for risk of fatal aortic aneurysm"— justify "an award of five million dollars." (*Id.*). Plaintiff alleges the loss of mobility deprives him of his "income as a field geologist," enjoying outdoor walks, and paddle sports. (*Id.*). He also alleges "[t]here is no known treatment to cure the effects of [CIPRO]" which "substantially diminish[es]" a successful outcome of repair surgery. (*Id.*). The FAC is signed and dated March 12, 2025. (*Id.* at 7).

## II. GOVERNING AUTHORITY

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's sufficiency and asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"For a [Rule] 12(b)(6) motion, a court generally cannot consider material outside the complaint." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1167 (E.D. Cal. 2010) (citing *Van Winkle v. Allstate Ins. Co.*, 290 F. Supp. 2d 1158, 1162, n.2 (C.D. Cal. 2003)). However, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

authenticity of the copy attached to the 12(b)(6) motion." *Id*. at 1168 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Accord, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002). "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Hamilton*, 746 F. Supp. 2d at 1168 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); Fed. R. Civ. P. 15(a).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than

formal pleadings drafted by lawyers . . .'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. DISCUSSION

#### A. The Parties' Contentions

Plaintiff asserts a single "claim for negligence" against Defendants which he clarifies is "not [for] medical malpractice." (Doc. 11 at 5). Defendants contend Plaintiff's sole cause of action "is premised on breach of a purported duty that applies to treating physicians, not health plans" and because the FAC "fails to allege that WellCare breached any legal duty owed to Plaintiff," the Court should dismiss the FAC for failure to state a claim. (Doc. 14 at 2, 3). Defendants argue that it is "well-settled law that only treating physicians owe a duty to their patients to obtain informed consent prior to treatment" and that "WellCare, a managed care organization, owes no duty to obtain informed consent from a member prior to treatment by their physician." (*Id.* at 5). Defendants further contend that Plaintiff fails to allege a cognizable theory of secondary liability, and even if he did, "such a theory would fail as a matter of law" as "California law specifically precludes holding a health plan vicariously liable for the actions or omissions of a contracted provider." (*Id.* at 6). Defendants argue that because Plaintiff failed to state a claim and "no amendment will cure the fact that Defendants … owed [him] no duty to obtain informed consent[,]" the Court should grant their motion to dismiss with prejudice. (*Id.* at 7).

Plaintiff contends that "obtaining informed consent" is a "process" with three elements including "execution, record, and training (including compliance monitoring)." (Doc. 16[2] at 5). He contends that his claims "do not rely on any theory involving physician malpractice." (*Id.*). Plaintiff appears to argue the crux of his FAC relates to Defendants' "institutional policy failure" which differ from the cases cited in Defendants' motion related to allegations of physician misconduct or breach of a physician's duty. (*Id.* at 9). Plaintiff contends that he "intentionally avoided any mention of physicians because this lawsuit is not about a personal treatment error" but

---

[2] References herein to Plaintiff's opposition (Doc. 16) identify the CM/ECF-assigned pagination.

1  "about an institutional systems failure." (*Id.* at 10-11). Plaintiff therefore argues that the FDA "black box warning should have been disclosed" and Centene's breach of its "duty to ensure deliver[y] of such warnings" resulted in "foreseeable injury." (*Id.* at 11).

In reply, Defendants contend Plaintiff's opposition "misunderstands the fundamental deficiency in the FAC" that he "has failed to allege any duty of care owed by WellCare to Plaintiff to support a negligence claim." (Doc. 17 at 2). Defendants argue the duty Plaintiff "chose to plead" is "a specific duty owed by physicians to their patients" that cannot "extend to managed care organizations like WellCare." (*Id.*). Defendants note that Plaintiff cites no authority in support of his contention that the duty to obtain informed consent has "three distinct elements" as alleged in the FAC. (*Id.*). Defendants further argue insofar Plaintiff "attempts to assert a novel claim … for failure to train or monitor its contracted providers[,]" that claim is without authority cited in support and "a managed care organization is not liable for its contracted providers' acts or omissions as a matter of both state and federal law." (*Id.* at 3).

### B.     The Applicable Legal Standard

"An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1609 (2009) (quotation and citation omitted). Whether a defendant owes a duty of care in a particular case is a question of law resolved by the court. *Centinela Freeman Emergency Med. Assocs. v. Health Net of Cal., Inc.*, 1 Cal. 5th 994, 1012 (2016); *see McCurry v. Singh*, 104 Cal. App. 5th 1170, 1175 (2024) (duty to be determined by court on "case-by-case basis"). "'Duty' is merely a conclusory expression used when the sum total of policy considerations lead a court to say that the particular plaintiff is entitled to protection." *Armato v. Baden*, 71 Cal. App. 4th 885, 893 (1999). In determining whether a duty exists under California law, courts are to weigh, among other things, foreseeability of the harm to the plaintiff, the nexus between a defendants conduct and plaintiff's injury, and "the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach." *Id.* at 893-94 (quoting *White v. Southern Cal. Edison Co.*, 25 Cal. App. 4th 442, 447 (1994)).

In general, a party is under no duty to control the conduct of another. *Tarasoff v. Regents of Univ. of Cal.*, 17 Cal.3d 425, 435 (1976). An exception to this general rule may exist where the defendant is in a "special relationship" with either the injured plaintiff or a third party whose conduct created the harm that injured the plaintiff. *Id.* at 436 (citing Rest. 2d Torts, sec. 315). As an example, a physician owes a duty of care to a patient once a physician-patient relationship is established. *McCurry*, 104 Cal. App. 5th at 1176. The special relationship "arises as a result of a contract, express or implied, that the doctor will treat the patient with proper professional skill." *Id.* (citations omitted) (holding defendant doctor was not in a special relationship with a patient and, thus, owed her no duty of care when he declined to accept her as a patient and did not undertake voluntarily to provide services).

"A claim based on lack of informed consent—which sounds in negligence—arises when the doctor performs a procedure without first adequately disclosing the risks and alternatives." *Jorgenson v. U.S.*, No. 1:17-cv-00817-LJO-EPG (PC), 2019 WL 4318493, at *6 (E.D. Cal. Sept. 12, 2019) (citing *Saxena v. Goffney*, 159 Cal. App. 4th 316, 324 (2008)). The elements of a negligence claim arising from failure to obtain informed consent are: "(1) performance of medical procedure on [the] plaintiff; (2) plaintiff did not give informed consent; (3) reasonable person would not have consented to [the] medical procedure if he had been fully informed of the results and risks of the medical procedure; and (4) plaintiff was harmed by result or risk that should have been explained before the medical procedure was performed[.]" *Rivera v. Zewart*, No. 16-cv-04489-MEJ, 2016 WL 7049030, at *7 (N.D. Cal. Dec. 5, 2016) (citing *Cobbs v. Grant*, 8 Cal. 3d 229, 245 (1972)) (dismissing medical negligence claims against defendants who had no direct involvement in plaintiff's treatment).

### C.  Discussion - Plaintiff Fails to State a Negligence Claim

Plaintiff fails to sufficiently allege a negligence claim based on lack of informed consent against Defendants. As Defendants correctly argue, California courts hold that the duty to obtain informed consent extends to doctors and treating *physicians*, not managed care organizations. *See Flores v. Liu*, 60 Cal. App. 5th 278, 290 (2021) ("Like any plaintiff suing for negligence, a patient suing her *physician* for negligence must establish that (1) the physician owed her a duty, (2) he

7

1 breached that duty, (3) there was "a proximate causal connection between [his] negligent conduct
2 and the resulting injury," and (4) "actual loss or damage resulting from the [physician's]
3 negligence.") (emphasis added).  The California Court of Appeals explained in *Flores* that a
4 plaintiff's suit for medical negligence based on informed consent "turns on the interrelationship
5 between two duties of a physician—namely, a physician's duty of care and a physician's duty to
6 obtain his patient's informed consent to medical procedures."  (*Id.*) (citing *Vasilenko v. Grace
7 Family Church*, 3 Cal. 5th 1077, 1083 (2017)).  The *Flores* court further explained that it is the
8 *physician* that "has a fiduciary-like duty to obtain his patient's informed consent regarding which
9 course of treatment to pursue" given patients rely "upon [their] physician's greater medical
10 knowledge when seeking medical treatment[.]"  (*Id.* at 292).

11 Plaintiff has not identified any authority in support of his claim that Defendants, as managed
12 care organizations, owed any duty to obtain Plaintiff's informed consent before treatment.  Indeed,
13 he notes expressly that he "does not allege malpractice by a physician or seek to impose vicarious
14 liability for clinical judgment" on Defendants.  And, in fact, Defendants (as health organizations)
15 largely are immune from vicarious liability for a provider's torts.  *See* Cal. Health & Safety Code
16 § 1371.25 ("A plan, any entity contracting with a plan, and providers are each responsible for their
17 own acts or omissions, and are not liable for the acts or omissions of, or the costs of defending,
18 others."); *Kaiser Foundation Health Plan, Inc. v. Superior Court*, 203 Cal. App. 4th 696, 714
19 (2012) ("[Section] 1371.25 … has been interpreted as "prevent[ing] a health care service plan from
20 being held vicariously liable for a medical provider's acts or omissions.") (citing *Martin v.
21 PacifiCare of California*, 198 Cal. App. 4th 1390, 1402 (2011)).

22 Nor has Plaintiff provided any authority in support of what he characterizes as the FAC's
23 "core negligence claim," to wit, that Defendants "fail[ed] to ensure that health care providers were
24 trained and monitored for fundamental health practices as obtaining patient's informed consent
25 especially for drugs." (Doc. 16 at 4).  As a claim sounding in negligence, Plaintiff must plausibly
26 allege that Defendants owed him an underlying duty of care with respect to the tortious conduct
27 alleged (here, training and monitoring).  Plaintiff fails to plausibly allege or otherwise cite authority
28 standing for the proposition that Defendants (as health maintenance organizations) had a duty to

train and/or monitor medical providers not in their employ.

Accordingly, the undersigned finds Plaintiff has failed to state a claim against Defendants upon which relief can properly be granted.

### D. Leave to Amend

Plaintiff has failed to plausibly allege facts to state a negligence claim against Defendants. "A pro se complaint may be dismissed with prejudice when 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Ismail v. Cnty. of Orange*, 693 Fed. Appx. 507, 511-12 (9th Cir. 2017) (quoting *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)).

Here, is not "absolutely clear" that Plaintiff's FAC cannot be cured by amendment. As set forth above, Plaintiff's negligence claim fails because he has not cognizably alleged that Defendants owed him a duty of care as to the conduct Plaintiff alleges they engaged in, causing him harm. However, this does not foreclose that Plaintiff may be able to allege a source of authority for the existence of a recognized, applicable legal duty -- such as by statute, contract, or policy. *See, e.g.*, *Mintz*, 172 Cal. App. 4th at 1611 (finding health care plan owes a duty to plan members to exercise due care to protect them from physical injury caused by its negligence in making benefit determinations under the plan); Cal. Civ. Code § 3428(a) (imposing upon health care service plans a duty of ordinary care in the arranging of medically necessary health care services).

Accordingly, the undersigned will recommend the Court grant Plaintiff leave to amend to permit him to cure in an amended pleading the deficiencies identified herein, to the extent he can do so in good faith.

### IV. CONCLUSION, ORDER, AND RECOMMENDATION

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a U.S. District Judge to the action.

Further, for the foregoing reasons, the undersigned **RECOMMENDS** that:

1. Defendants' motion to dismiss (Doc. 14) be GRANTED;

2. Plaintiff's first amended complaint (Doc. 11) be DISMISSED with leave to amend; and

9

3. Plaintiff be directed to file any amended complaint within 30 days.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 28, 2025**

UNITED STATES MAGISTRATE JUDGE