UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO B. VILLASENOR,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00190-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT WITH PREJUDICE<br><br>(Doc. 30)<br><br>ORDER DENYING MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND AMICUS CURIAE BRIEFS<br><br>(Docs. 35, 36) |

Pending before the Court is the motion of Defendants Centene Corporation ("Centene") and WellCare Health Plan, Inc. ("WellCare") (collectively, "Defendants") to dismiss the operative second amended complaint ("SAC"), filed on October 9, 2025. (Doc. 30). Plaintiff Ricardo B. Villasenor ("Plaintiff") filed an opposition to the motion on October 23, 2025, and Defendants filed a reply on October 31, 2025. (Docs. 32, 33). Following review of the parties' filings made in connection with the motion, the Court deemed the motion suitable for disposition without hearing and oral argument and vacated the motion hearing set for November 19, 2025. (Doc. 34) (citing Local Rule 230(g); (Doc. 31)). For the reasons set forth herein, the Court will grant Defendants' motion to dismiss the SAC with prejudice.

**I.      Relevant Background**

    **A.      Procedural History**

Plaintiff, proceeding pro se, initiated this action with the filing of a complaint for damages.[1] (Doc. 1).  After Plaintiff was granted leave to amend (Doc. 9), he filed a first amended complaint ("FAC") asserting a claim for negligence against Defendants.  (Doc. 11).

On April 7, 2025, Defendants filed a motion to dismiss the FAC.  (Doc. 14).  On April 28, 2025, the undersigned issued findings and recommendations to grant Defendants' motion to dismiss with leave to amend.  (Doc. 19).

On May 15, 2025, after all parties expressed consent to a magistrate judge's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c)(1), the action was reassigned to the undersigned.  (Doc. 21).  On May 19, 2025, Plaintiff filed a motion for leave to amend, a separate motion for leave to file an attached memorandum in support thereof and lodged the second amended complaint on the docket.  (Docs. 22–24).

On May 20, 2025, the Court granted Defendants' motion to dismiss the FAC with leave to amend.  (Doc. 25).  The Court further granted Plaintiff's motions for leave to file the lodged, second amended complaint ("SAC") as Plaintiff's operative pleading.  *Id.* at 2; *see* (Doc. 26).

On September 25, 2025, the Court ordered Defendants to file a responsive pleading to the SAC.  (Doc. 29).  Thereafter, Defendants filed the pending motion to dismiss, which is now fully briefed.

After the Court took this matter under submission, on January 8, 2026, non-party Edward Santillan filed a motion for leave to file an amicus curiae brief.[2]  (Doc. 36).  That same day, Plaintiff

---

[1] On March 3, 2025, Plaintiff voluntarily dismissed California-based Defendants Mary Anziano, Susan Cribbs, High Desert Medical Corporation, Oak Tree Medical Group, and WellCare of California and these parties were terminated from the action.  (Docs. 8, 28).

[2] "The 'classic role' of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'"  *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)).  "It is 'within the Court's discretion' whether to allow amici to file a brief[.]"  *Id.* (citing *Cal. by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019)).  "The salient question is whether such brief is helpful to the Court."  *Becerra*, 381 F. Supp. 3d at 1164.

filed a motion for leave to file "supplemental authority, or in the alternative, for oral argument" to direct this Court's attention to a non-precedential opinion from the District of Minnesota.[3] (Doc. 35). Defendants filed a response to Plaintiff's motion on January 22, 2026. (Doc. 37).

### B.    Factual Background of Plaintiff's SAC

Plaintiff alleges that his SAC is "well-grounded in California law governing ordinary negligence" and "[t]he institutional failure to adopt and enforce protocols addressing recognized high-risk medications and foreseeable dangers is actionable under settled medical principles of non-medical tort liability." (Doc. 1 at 10). He alleges that Defendants "knew the foreseeable risks for serious and permanent harm, and had a known responsibility for advancing the best interests of HMO enrollees." *Id.* Plaintiff asserts that he seeks punitive damages "[f]or their failure to institute basic protocols to manage these risks[.]" *Id.* The SAC is signed and dated May 14, 2025. *Id.*

Plaintiff asserts a cause of action for "ordinary negligence" under California common law. *Id.* at 7; *see id.* at 9. He alleges that his injury "would not have occurred had ordinary care in rise management been applied" and that his SAC "is for negligent administrative attention to clearly flagged high risks of serious damage." *Id.* He alleges that treatment is "neither a question nor an

---

Here, Mr. Santillan's brief is not helpful to the Court as it provides no meaningful insight or authorities that are not already within the Court's consideration. *Cody*, 718 F. Supp. 3d at 1004. Accordingly, the Court will deny Mr. Santillan's motion to file an amicus brief.

[3] "A district court may grant a request to supplement authorities where the supplemental authorities control the outcome of the litigation[,] *i.e.*, are 'precedential,' 'particularly persuasive,' or 'helpful.'" *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1248 (S.D. Cal. 2024) (citing *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019)). "Notices of supplemental authority, however, should not advance additional argument—for example, by 'provid[ing] a detailed description of the case's … issues.'" *Id.* (citing *Schnellecke Logistics USA LLC v. Lucid USA Inc.*, No. cv-22-01893-PHX-SMB, 2023 WL 5720242, at *1 (D. Ariz. Apr. 12, 2023).

Because Plaintiff's motion for leave to file supplemental authority improperly advances additional argument in describing and analogizing the non-precedential proffered authority to the instant case, the Court will deny Plaintiff's motion. *Infracost, Inc.*, 732 F. Supp. 3d at 1248; *see Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 838 (S.D. Cal. 2020) (striking supplemental authority because it "is not binding on this court, was filed after the briefing period was closed [on a motion to dismiss] and without permission of this court."). Notwithstanding the denial, the Court will give the proffered authority "the same consideration it would give any other persuasive authority it discovered through its own research." *Id.* (citation omitted).

issue" and is "irrelevant" to the SAC. *Id.* Plaintiff concedes that his SAC "will not survive as a claim of medical negligence" and "[n]othing in his [SAC] relates to clinical judgment or medical discretion." *Id.* Plaintiff asserts that he makes no allegations regarding diagnosis or treatment, that no professional medical judgment is at issue, and the SAC "explicitly excludes medical malpractice and confines its claims to institutional failure to manage risk." *Id.* at 9.

Plaintiff alleges that Defendants owed him a duty, as healthcare coordinators and plan sponsors, to adopt protocols ensuring that extraordinary risks would be disclosed. *Id.* at 8. He alleges that at the time he was deprived of his right to self-decision on December 18, 2023, he was enrolled in an HMO that was sponsored, operated, or administered by Defendants under contract with Medicare. *Id.* He alleges Defendants breached this duty as they failed to implement or monitor any such high-risk management protocols and failed to advise, train, or supervise providers on this obligation. *Id.* He alleges that he consumed a high-risk medication without knowledge of the FDA Black Box warning for Cipro, and that had he been informed of the risk, he would have declined and not suffered a ruptured Achilles tendon and other adverse effects described in the FDA warning. He alleges that he was deprived of his right to self-decision. *Id.* As to damages, Plaintiff alleges he suffered personal injury, physical harm, medical expenses, and loss of mobility. *Id.* He alleges that the damage was a foreseeable and preventable injury that would not have occurred had Defendants exercised ordinary care in the management of foreseeable high risks. *Id.*

## II.    **Governing Authority**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

4

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Nor does the court "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); Fed. R. Civ. P. 15(a).

Finally, courts must construe pro se pleadings liberally and hold such pleadings to a less stringent standard than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than

5

formal pleadings drafted by lawyers[.]'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A court should dismiss a pro se complaint if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.    Parties' Contentions

Defendants move the Court to dismiss Plaintiff's SAC with prejudice and without leave to amend because the "lone cause of action asserted" therein is premised on breach of a purported duty that applies to physicians, not health plans. (Doc. 30 at 2). Defendants contend that Plaintiff's negligence claim based on WellCare's failure to enact policies to ensure Plaintiff's treating physicians obtained informed consent is preempted by the Medicare Act and is premised on a duty applicable only to physicians, not managed care organizations like WellCare such that the SAC fails to allege that WellCare breached any legal duty owed to Plaintiff. *Id.* at 3. Defendants argue that Plaintiff's attempt to avoid dismissal by alleging that WellCare owed him a duty to ensure his treating physicians obtained informed consent is unavailing as California law does not recognize a duty on part of healthcare plans to ensure treating physicians obtained informed consent. *Id.* at 8-9.

In Plaintiff's opposition, he "formally withdraws and disclaims any allegations in the SAC citing Medication Therapy Management (MTM) regulations (42 C.F.R. § 423.153(d)) as the source of legal duty" and clarifies that his claim instead "relies on California common law fiduciary duty arising from the special insurer-insured relationship[.]" (Doc. 32 at 3). He explains that his "prior MTM references were intended solely to illustrate safety-focused activities within Defendants' operational domain, not to invoke Medicare regulatory duties." *Id.* Plaintiff argues that Defendants breached California common law duties by omitting Black Box warnings from their "formulary and failing to implement institutional safeguards." *Id.* at 6. Plaintiff contends Defendants fail to rebut his "fiduciary duty claim" because Defendants do not show that any regulatory language addresses or exempts fiduciary duty. *Id.* Plaintiff argues that the four factors under *Vu v. Prudential Property & Cas. Ins. Co.*, 26 Cal. 4th 1142 (Cal. 2001) establish a "fiduciary-like duty" on Defendants. *Id.* at 10-11. Plaintiff asserts that "California common law for fiduciary duty requires

Defendants to act in members' best interests and not mislead through material omissions when exercising discretionary control over information affecting members' welfare." *Id.* at 13. He contends that the "SAC adequately alleges breach of fiduciary duty under California common law." *Id.* at 14.

In reply, Defendants contend that Plaintiff fails to plausibly allege any duty of care owed by Defendants to Plaintiff with respect to FDA black box warnings such that he fails to state a claim for which relief can be granted. (Doc. 33 at 4). Defendants argue that because Plaintiff has been afforded two opportunities to amend, his SAC be dismissed with prejudice. *Id.*

## IV.    **Discussion**

Because Plaintiff withdraws and disclaims his allegations asserting 42 C.F.R. § 423.153(d) as the source of legal duty, the Court disregards Defendants' arguments responsive thereto except where relevant to Plaintiff's remaining allegations. *See* (Doc. 32 at 3). The Court now turns to Plaintiff's sole cause of action in his SAC for "ordinary negligence." (Doc. 26 at 8).

### A.    **Negligence Claim**

#### 1.    *Governing Authority*

In California, "[t]he elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Mejia v. JPMorgan Chase Bank, N.A.*, No. 21-cv-01351-HSG, 2021 WL 6498762, at *1 (N.D. Cal. Sept. 8, 2021) (citing *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013)). "The existence of a duty of care owed by a defendant to a plaintiff is a 'prerequisite' to establishing a claim for negligence." *Id.* (citing *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)). Whether a defendant owes a duty of care in a particular case is a question of law resolved by the court. *Centinela Freeman Emergency Med. Assocs. v. Health Net of Cal., Inc.*, 1 Cal. 5th 994, 1012 (2016); *see McCurry v. Singh*, 104 Cal. App. 5th 1170, 1175 (2024) (duty to be determined by court on "case-by-case basis").

#### 2.    *Analysis*

The SAC alleges that "Defendants owed him a duty, as healthcare coordinators and plan sponsors, to adopt protocols ensuring that extraordinary risks would be disclosed" and that on

7

December 18, 2023, Plaintiff was enrolled in an HMO sponsored, operated, or administered by Defendants under contract with Medicare. (Doc. 26 at 8). He alleges Defendants breached this duty as they failed to implement or monitor any such high-risk management protocols and failed to advise, train, or supervise providers on this obligation. *Id.* Plaintiff alleges that "Defendants received CMS [Centers for Medicare and Medicaid Services] funding and exercised discretion over Plaintiff's care coordination, triggering fiduciary duties to act in his best interests." *Id.* at 10.

The Court concludes Plaintiff's SAC fails to state a negligence claim against Defendants as Plaintiff fails to cite, and the Court has located no authority supporting the essential proposition on which his claim is based – that Defendants owed any duty to ensure "extraordinary risks" of the "high-risk medication" Cipro would be disclosed to him.

First, to the extent Plaintiff fixes the purported legal duty he seeks to impose upon Defendants – a Medicare Advantage ("MA") healthcare plan – on state law regulations as to form and content requirements of a drug formulary, such basis is preempted. Specifically, Medicare Part C's preemption clause provides: "The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part." *See Yeomans v. Blue Shield of Cal.*, 712 F. Supp. 3d 1336, 1345 (C.D. Cal. 2024). "In interpreting this provision, CMS indicated that 'all State standards, including those established through case law, are preempted to the extent that they specifically would regulate MA plans, with exceptions of State licensing and solvency laws.'" *Id.* (citing 42 U.S.C. § 1395W-26(B)(3); Medicare Program: Establishment of the Medicare Advantage Program, 70 Fed. Reg. 4588, 4665 (Jan. 28, 2006)); *see Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1156 (9th Cir. 2010) ("[S]ome common law claims fall within the ambit of the Act's preemption clause[.]"). As Defendants have shown that the Act establishes "comprehensive standards for drug formularies" and "regulates both the form and content of an MA plan's drug formulary and requires that CMS approve any MA plan's formulary before a Part D plan may be proved[,]" (Doc. 33 at 2) (citing 42 C.F.R. §§ 423.120(b), 423.272(b)(2)), the Court agrees that any state law duty related to these provisions is preempted by the Act. *See, e.g., Shakespeare v. SCAN Health Plan, Inc.*, No. 3: 17-CV-568-BTM-MDD, 2018 WL 340422, at *6

(S.D. Cal. Jan. 8, 2018) ("[I]n order to determine Plaintiff's tort claims, the Court would necessarily need to determine whether Plaintiff was entitled to the Watchman Device in the first place, a decision that is governed by detailed CMS standards. … [D]eciding on Plaintiff's claims would directly undermine the standards set by CMS on when the Watchman Device is covered by Medicare. As such, Plaintiff's claims are preempted.").

Second, Plaintiff's attempt to save his negligence claim by way of asserting that Defendants have a fiduciary duty "to act in the best interests of plan members" by including black box warnings in its formulary is unavailing. *See* (Doc. 32 at 2-4). "[T]he elements for a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Winebarger v. Pa. Higher Ed. Assistance Agency*, 411 F. Supp. 3d 1070, 1091 (C.D. Cal. 2019) (citing *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995)). Plaintiff identifies no relevant authority establishing or recognizing any fiduciary duty owed by a health plan organization to provide black box warnings on its drug formulary. Plaintiff's citation to *Vu* (*supra*) is unconvincing as the issue in dispute in that case involved an insurer's *denial of coverage*—a "special duty" as contemplated by the California Court of Appeal in *Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1148 (1990)—while the instant case involves a health care organization's decision not to include a black box warning on its drug formulary. Therefore, Plaintiff fails to demonstrate that Defendants owed any fiduciary duty or special duty as an insurer under *Love*. *See id.* ("Because peace of mind and security are the principal benefits for the insured, the courts have imposed special obligations, consonant with these special purposes, seeking to encourage insurers promptly to process and pay claims. … Thus, an insurer must investigate claims thoroughly…[,] it may not deny coverage based on either unduly restrictive policy interpretations … or standards known to be improper … [, and] it may not unreasonably delay in processing or paying claims[.]") (internal citations omitted).

**B.    Leave to Amend is Unwarranted**

As noted above, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez*, 203 F.3d at 1129. A court should dismiss a pro se complaint if "it is absolutely

clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Here, the Court already extended to Plaintiff two earlier opportunities to amend his complaint, including most recently to permit him an opportunity to remedy the precise deficiency that remains in the SAC (*i.e.*, whether and how Defendants owe him a legal duty). Because Plaintiff sill has failed to sufficiently allege any duty of care owed by Defendants in support of either a negligence claim or a breach of fiduciary duty claim, and given Plaintiff's claims seeking relief for Defendants' failure to include black box warnings on its drug formularies are preempted by the Medicare Act, the Court finds that further leave to amend Plaintiff's claims against Defendants would be futile. Accordingly, the Court will grant Defendants' motion to dismiss without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (pro se complaint may be dismissed with prejudice when it is "absolutely clear" that the deficiencies of the complaint could not be cured by amendment); *Akhtar*, 698 F.3d at 1212.

## V.    Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 30) is GRANTED;

2. Plaintiff's second amended complaint (Doc. 26) is DISMISSED with prejudice;

3. Plaintiff's motion for leave to file supplemental authority (Doc. 35) is DENIED;

4. Non-party Edward Santillan's motion for leave to file amicus curiae brief (Doc. 36) is DENIED; and

5. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

Dated:    **April 13, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

10